IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARPER IMAGE CORPORATION, a Delaware corporation, and ZENION INDUSTRIES, INC., a California corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>SHANGHAI NEO.TEC ELECTRON CO., LTD.,<br><br>    Defendant.<br>_____/ | No. C 05-1806 CW<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS |

    Defendant Shanghai Neo.Tec Electron Co., Ltd., moves for sanctions pursuant to Federal Rule of Civil Procedure 11. Plaintiff Sharper Image Corporation opposes the motion. The matter was taken under submission on the papers. Having considered all of the papers filed by the parties, the Court DENIES Defendant's motion.

    Defendant alleges that Plaintiff's claim for infringement of U.S. Design Patent No. 434,483 (the '483 patent) by Defendant's XJ-202 product was brought in violation of Rule 11. Federal Rule of Civil Procedure 11 requires a court to impose sanctions on an attorney, a represented party, or both, when the attorney has signed and submitted to the court a pleading, motion or other paper that is not, to the attorney's knowledge and belief after reasonable inquiry, "well grounded in fact" and "warranted by

1 existing law or a good faith argument for the extension,
2 modification, or reversal of existing law."  Fed. R. Civ. P. 11.
3 An attorney's signature also constitutes a warranty that the paper
4 is not "interposed for any improper purpose, such as to harass or
5 to cause unnecessary delay."  Id.
6     In a patent case, regional circuit law is applied to the
7 imposition of Rule 11 sanctions.  Antonious v. Spalding & Evenflo
8 Cos., Inc., 275 F.3d 1066, 1072 (Fed. Cir. 2002).  The standard for
9 determining whether a pleading, motion or other paper is either
10 frivolous or interposed for an improper purpose is one of objective
11 reasonableness at the time of the attorney's signature.  Conn v.
12 Borjorquez, 967 F.2d 1418, 1421 (9th Cir. 1992) (citing Woodrum v.
13 Woodward County Okla., 866 F.2d 1121, 1127 (9th Cir. 1989).  In
14 assessing whether the filing of a particular paper was frivolous
15 under Rule 11, the court should not consider the ultimate failure
16 on the merits or the subjective bad faith of the signer, but rather
17 whether the position taken was "legally unreasonable" or "without
18 factual foundation."  Zaldivar v. City of Los Angeles, 780 F.2d
19 823, 831 (9th Cir. 1986).  Before imposing Rule 11 sanctions, the
20 district court "must conduct a two-prong inquiry to determine
21 (1) whether the complaint is legally or factually 'baseless' from
22 an objective perspective, and (2) if the attorney has conducted 'a
23 reasonable and competent inquiry' before signing and filing it."
24 Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002)
25 (quoting Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir. 1997)).
26     In the context of patent infringement actions, the Federal
27 Circuit has construed Rule 11 "to require that an attorney
28

2

interpret the pertinent claims of the patent at issue before filing a complaint alleging patent infringement." Antonious, 275 F.3d at 1072.  The attorney's proposed claim construction is "subject to the Rule 11(b)(2) requirement that all legal arguments be nonfrivolous."  Id.  Rule 11 then requires that the attorney compare the accused device with the construed patent claims; this is a question of fact and must therefore comply with Rule 11(b)(3)'s requirement that all allegations and factual contentions have evidentiary support.  Id. at 1073-74.

    Here, the Court finds no basis for imposing Rule 11 sanctions against Plaintiff or its counsel.  Accordingly, Defendant's motion for sanctions (Docket No. 16) is DENIED.  Further, at this stage in the lawsuit, the Court does not find it efficient to resolve specific disputes over selected dispositive issues related to claim construction or infringement.

    IT IS SO ORDERED.

Dated: 10/26/05

_____
CLAUDIA WILKEN
United States District Judge

3